CARLTON, J.,
concurring in part and . dissenting in part:
' 1154. I respectfully concur in part and dissent in part from the-majority’s opinion. I agree with the majority’s opinion that another judge needed to hear and determine the issue of contempt. However, I disagree with the majority’s determination that the DMR records in the Auditor’s possession were exempt from - disclosure under the MPRA as law-enforcement investigative records. I would reverse the chancellor’s judgement of contempt and remand this case for a contempt hearing before another judge.
■¶ 55., This case reflects that the disputed records are public records created, compiled, or retained by the DMR and that the Auditor’s office later obtained custody of the records from the DMR.[14] See United States v. Walker, No. 1:13-CR-89-KS-MTP, 2013 WL 6805121, at *3 (S.D.Miss. Dec. 20, 2013) (finding by the federal district court that the records at issue constituted DMR public records).[15] The records at issue were created, possessed, or retained by a public body, the *1464 DMR, in the course of its performance and function as a public body.[16] Stated otherwise, the DMR records at issue were not created or compiled by the Auditor’s office for a law-enforcement purpose. Instead, the records were independently created by another source, the DMR, which is a public body, in the course of the DMR’s performance as a public body.[17]
¶ 56. The DMR records at issue are not law-enforcement records that were compiled or created by or for a law-enforcement agency for the purpose of a criminal investigation.[18] Mississippi Code Annotated section 25-61-12(2)(a) (Supp.2015) exempts only investigative reports when in the possession of a law-enforcement agency.[19] The Auditor’s custody of the DMR public records at issue failed to convert those public-agency records to. investigative reports.
¶ 57. The MPRA, codified at Mississippi Code Annotated sections 25-61-1 to -17 (Rev.2010 & Supp.2015), provides the public with access to public records. The DMR public records at issue should have been disclosed since the records were not exempt as law-enforcement reports. As a result, I would reverse the chancellor’s judgment and remand this case for further proceedings. I agree with the majority’s finding that, if this matter were remanded, another judge should preside over the contempt hearing. I therefore respectfully concur in part and dissent in part from the majority’s opinion.

. See Miss.Code Ann. § 25-61-3(a) (Supp, 2015) (defining a public body).

. In Walker, the federal district court found that the DMR records at issue ,were not part of a matter that occurred before a grand jury and that the government failed to represent that the DMR records were or ever would be presented to a grand jury. Walker, 2013 WL 6805121, at *3. The federal district court also determined the records to be DMR public records. Id. The federal district court found that the DMR records would not reveal anything regarding the internal operations of the grand jury. Id. at *5. The district court authorized the release of the DMR records after finding that Federal Rule of Criminal Procedure 6(e) did not prevent disclosure since the records were not a matter that occurred before the grand jury and did not reveal internal operations of the grand jury. Id. at *6-7.

. See Miss.Code Ann. § 25—61—3(b) (Supp. 2015) (defining public records).

. Any record of a public body constitutes a public record, in accordance with Mississippi Code Annotated section 25-61-3 (Supp.2015), notwithstanding their retention outside the public body. See Miss. Att’y Gen. Op., 1998-0641, 1998 WL 958143, Hilliard (Dec. 11, 1998).

. See Miss.Code Ann. § 25—61—3(0 (Supp. 2015); Miss.Code Ann. § 25-61-12 (Supp. 2015).

. See also Miss.Code Ann. § 25-61-3(f) (defining investigative report).